**IN THE UNITED STATES COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

LEONARD C. PIAZZA, III,                      :
                                             :
      Plaintiff                        :
                                             :        3:13-cv-01755
      vs.                              :
                                             :        (Conaboy, J.)
COUNTY OF LUZERNE, and                       :
ROBERT LAWTON                                :        Jury Trial Demanded
                                             :
      Defendants                       :

## FIRST AMENDED COMPLAINT

### I.        JURISDICTION

1.        This action is authorized, initiated, founded upon, and arises under the provisions of federal law, particularly the Civil Rights Act of 1871, 42 U.S.C. §1983, and the First and Fourteenth Amendments to the United States Constitution; and pendent claims under the Constitution of the Commonwealth of Pennsylvania and the common law of the Commonwealth of Pennsylvania. Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

2.        The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§1331 and 1343 and pendent to claims under the Constitution of the Commonwealth of Pennsylvania.

3.        The amount in controversy in this matter exceeds seventy five thousand dollars ($75,000.00).

4.        The violations of Plaintiff's rights as alleged herein were committed within the Middle District of Pennsylvania.

## II.    PARTIES

5.    The Plaintiff, Leonard C. Piazza, III, is an adult male individual and a citizen of the United States, residing at 146 West River Street, Apt. 3, Wilkes-Barre, Luzerne County, PA 18702.

6.    The Defendant County of Luzerne is a political subdivision of the Commonwealth of Pennsylvania with its principal office at 200 North River Street, Wilkes-Barre, Luzerne County, PA 18711.

7.    Defendant Robert Lawton is an adult male individual who serves as County Manager for Defendant County of Luzerne, and served as County Manager at all times material hereto, and whose place of business is located at 200 North River Street, Wilkes-Barre, Luzerne County, PA 18711.

## III.    RIGHT OF EQUITABLE RELIEF

8.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged, and this suit for declaratory and injunctive relief is his only means of securing adequate relief.

## IV.    JURY TRIAL DEMAND

9.    Plaintiff demands a trial by jury with respect to this matter.

## V.    FACTUAL ALLEGATIONS

10.    Plaintiff was employed by the Defendant County of Luzerne, as the Director of Elections, Chief Registrar and Clerk since or about April 2004.

11.    Plaintiff previously served as the Deputy Director of Elections beginning in August 2002.

12.     At all times material hereto, Plaintiff performed his work as Director of Elections. Chief Registrar and Clerk and Deputy Director of Elections for the Defendant County of Luzerne in a good, professional and competent matter.

13.     It is the duty of the Board of Elections for Luzerne County to conduct all elections within the county, as authorized and required by the Pennsylvania Election Code.  *25 P.S. §§ 2641-42*

14.     The Constitution of the Commonwealth of Pennsylvania provides at Article I, Section 5:  "Elections shall be free and equal; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage."

15.     The Constitution of the Commonwealth of Pennsylvania provides at Article I, Section 1:  "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness."

16.     The Constitution of the Commonwealth of Pennsylvania provides at Article I, Section 26:   "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right."

17.     When Plaintiff was hired as Deputy Director of Elections, he was hired by act of the members of Luzerne County Board of Elections in their capacities as County Commissioners or hired  by the act of the Luzerne County

Commissioners in their *ex facto* capacities as members of the Luzerne County Board of Elections. *25 P.S. § 2642(d); and, 25 P.S. 2641(b)*

18.     When Plaintiff was hired as Director of Elections, he was hired by act of the members Luzerne County Board of Elections in their capacities as County Commissioners or hired  by the act of the Luzerne County Commissioners in their *ex facto* capacities as members of the Luzerne County Board of Elections . *25 P.S. § 2642(d); and, 25 P.S. 2641(b)*

19.     The Luzerne County Board of Elections is empowered and required by Commonwealth of Pennsylvania statute to appoint their own employees. *25 P.S. §2642(d)*

20.     Prior to January 1, 2012, Plaintiff was responsible to and reported to the Luzerne County Board of Elections and the Voter Registration Commission of the county.

21.     Prior to January 1, 2012, the members of the Luzerne County Board of Elections were *ex facto* the members Luzerne County Board of Commissioners or appointed by the Luzerne County Court of Common Pleas per statute.

22.     Effective January 1, 2012, Defendant County of Luzerne adopted a home rule charter, under which four of the members of the Board of Elections were appointed by the newly elected Luzerne County Council and a fifth member was appointed by the county council appointed members, with such fifth member serving as chairman, and with each of which members serving a term of four years.

23.    The aforesaid Luzerne County Home Rule Charter made provision for a "reconstituted" Board of Elections and Registration, §8.04, Luzerne County Home Rule Charter, from the former Luzerne County Board of Elections and Luzerne County Voter Registration Commission.

24.    The laws of the Commonwealth of Pennsylvania preclude a home rule charter from giving any "power or authority to a municipality contrary to, or in limitation or enlargement of, powers granted by statutes which are applicable to a class or class of municipalities [as to]:  (5) The registration of electors and the conduct of elections."  *29 P.S. §2962.*

25.    Pursuant to the Pennsylvania Election Code, following January 1, 2012, Plaintiff continued to be responsible to and reported to the Luzerne County Board of Elections.

26.    Because the Board of Elections and its Director of Elections are responsible for the fair and non-partisan conduct of elections, they are to manage their affairs and duties independently from the pressure and influence of elected county officials and candidates.  See *25 P.S. Sec. 2642.*

27.    The Board of Elections and Registration and its Director of Elections are responsible to annually prepare and submit to the county commissioners or other appropriating authorities of the county an estimate of the cost of primaries and elections and of the expenses of the board for the ensuing fiscal year. *25 P.S. §2642(n).*

28.    The county commissioners or other appropriating authority of the county shall appropriate annually, and from time to time, to the county board

of elections of such county the funds that shall be necessary for the maintenance and operation of the board and for the conduct of primaries and elections in such county, including the payment of compensation of the employees of the board custodians, election officers, and other assistants and employees ..." *25 P.S. §2645.*

      29.    The Luzerne County Board of Elections and Registration's authority to appoint its own employees is further underscored at 25 P.S. §2643(b) which says in part, "Each county board may appoint (in addition to a "chief clerk")... such other employees and assistants as, from time to time, the board may deem necessary."

      30.    Acts of employees of the Board of Elections shall be construed to have been done by the board itself, *See 25 P.S. §2647.*

      31.    The county commissioners or other appropriating authorities of the county shall provide the county board of elections and its employees with suitable and adequate offices at the county seat ... *(25 P.S. §2645(b)*

      32.    Commonwealth law requires there be established a voter registration commission in each county of the Commonwealth including those which have adopted home rule charters. *See 25 Pa.C.S.A. §1203(b)(3)*

      33.    In counties of the second through eighth class, the registration commission of the county shall appoint a chief clerk. *25 Pa.C.S.A. §1204(b)(1)*

      34.    The voter registration commission of the county is authorized at *25 Pa.C.S.A. §1203(b)(3)* to appoint and remove employees of the

commission including, but not limited to, the Director of Elections, Registrars, Clerks and Inspectors of Registration.

35.     The position of Director of Elections for the County of Luzerne is not a position for which political affiliation is an appropriate requirement for the effective performance of its duties.

36.     The Luzerne County Board of Elections was, and is, empowered to "Make from time to time inquiries and field investigations with respect to reports and statements filed under [the Election Code] and with respect to alleged failures to file any report or statement required under the provisions of [the Election Code]." *See 25 P.S. §3259 (6) and 25 P.S. §3241 (j)*

37.     At all times material hereto, the Luzerne County Board of Elections and Voter Registration Commission accomplished the performance of its duties by and through the efforts of its employees, including, but not limited to the Director of Elections.

38.     Prior to January 1, 2012, Plaintiff did "make from time to time inquiries and field investigations with respect to reports and statements filed under [the Election Code] and with respect to alleged failures to file any report or statement required under the provisions of [the Election Code]," in the course of the performance of his duties as Director of Elections.

39.     The inquiries and field investigations which Plaintiff performed in the course of his duties as Director of Elections prior to January 1, 2012 were done with the knowledge and consent of the Luzerne County Board of Elections in furtherance of the statutory duties of the Luzerne County Board of

Elections to assure that candidates and campaign committees complied with the Pennsylvania Election Code.

  40. Walter Griffith was the Luzerne County Controller in 2012.

  41. The office of Luzerne County Controller is an elective office.

  42. Walter Griffith was elected to the office of Luzerne County Controller in November 2009 and took office in January 2010.

  43. Prior to his election as Luzerne County Controller in 2009, Walter Griffith ran for numerous other elective offices.

  44. The campaign finance laws of the Commonwealth of Pennsylvania pursuant to the Pennsylvania Election Code applied, and apply, to Walter Griffith regarding his various campaigns for public office, including, but not limited to, his campaign for election as Luzerne County Controller.

  45. In the course of his various campaigns for public office, Mr. Griffith had been non-compliant with campaign finance laws of the Commonwealth of Pennsylvania pursuant to the Pennsylvania Election Code by late filings, missing information from reports, and failure to follow reporting instructions.

  46. On March 30, 2012, Plaintiff requested certain campaign finance information from Walter L. Griffith, Jr. and the Committee to Elect Walter L. Griffith (Controller) for purposes of an examination, which written request specifically identified that it was being made consistent with *Section 1639 of the Pennsylvania Election Code, 25 P.S. §3259.*

47.     Contemporaneously with the transmission of the request to Mr. Griffith, Plaintiff sent it by e-mail to the Luzerne County Board of Elections and Registration and Michael I. Butera, Esq., solicitor to the Luzerne County Board of Elections and Registration.

48.     On March 31, 2012, Plaintiff requested certain campaign finance information from the First District Democratic Committee, Political Party Committee, addressed to Joseph A. Zoba for purposes of an examination, which written request specifically identified that it was being made consistent with *Section 1639 of the Pennsylvania Election Code, 25 P.S. §3259.*

49.     On March 31, 2012, Mr. Griffith notified Plaintiff that he refused to comply with the above-described request for information and contemporaneously informed Defendant Lawton; Luzerne County Solicitor Vito DeLuca; and, and Assistant Luzerne County Solicitor (and putative solicitor to the Luzerne County Board of Elections), Michael Butera, Esq., of his refusal.

50.     On April 5, 2012, Plaintiff was called to the office of Defendant Lawton, where present were Defendant Lawton, Luzerne County Human Resources Manager Andrew Check; Luzerne County Solicitor Vito DeLuca, Esq.; and Assistant Luzerne County Solicitor (and putative solicitor to the Luzerne County Board of Elections), Michael Butera, Esq..

51.     At the April 5, 2012, Plaintiff was accused by the representatives of Defendants of violating the civil rights of Mr. Griffith.

52.     Defendant Lawton had politically affiliated himself with Mr. Griffith.

53.     Plaintiff had no political affiliations with any candidate or office holder.

54.     Aside from the accusation that Plaintiff had violated the civil rights of Mr. Griffith, no other matters pertaining to Plaintiff were presented at the April 5, 2012 meeting.

55.     At the direction of Defendant Lawton on behalf of Defendant County, Mr. Check informed Plaintiff at the April 5, 2012 meeting that he was being placed on administrative leave.

56.     No member of the Luzerne County Board of Elections was present nor a participant in the meeting of April 5, 2012.

57.     The Luzerne County Board of Elections was not consulted about Plaintiff's status or performance, nor was it consulted with regard to his placement on administrative leave.

58.     On April 10, 2012 Defendants acted to terminate Plaintiff's employment as Director of the Bureau of Elections for Luzerne County, exclusively for the reasons communicated to Plaintiff at the April 5, 2012.

59.     The action of termination was communicated to Plaintiff by letter of Andrew Check, dated April 10, 2012.

60.     The Luzerne County Board of Elections was not consulted with regard to Plaintiff's termination.

61.     The Luzerne County Board of Elections did not act to terminate Plaintiff's employment.

62.    Defendants were without statutory or constitutional authority to terminate Plaintiff's employment.

63.    Defendants were without authority under the Luzerne County Home Rule Charter to terminate Plaintiff's employment.

64.    Defendants did not have cause for the termination of Plaintiff.

65.    Plaintiff, throughout the entire course of his employment herein, performed his duties such that the integrity of the election process was assured and that fair and proper elections were accomplished.

66.    At no time prior to April 5, 2012 did Defendants criticize the performance of Plaintiff's duties as described herein.

67.    On the other hand, Plaintiff's successor, Maria Crispell, has failed to perform the duties of the Director Elections so as to accomplish fair and proper elections, including, but not limited to:

(a)    For the November 2012 general election, she prevented the issuance of provisional ballots to electors to whom they were entitled;

(b)    For the November 2012 general election, she failed to prepare poll books "district registers" in accordance with the Election Code and established procedure by failing to include all electors who filed registration applications with the Board of Elections in neither the poll books "district registers," nor any supplemental list or register;

(c)     For the November 2012 general election, she failed to register voters in accordance with federal and state law by allowing the filing of large numbers of unprocessed applications;

(d)     For the November 2012 general election, she incorrectly deemed numbers of provisional ballots void;

(e)     For the May 2013 primary election, she placed candidates for judge of elections and inspectors of election on incorrect ballots in incorrect precincts in Lehman Township;

(f)     For the May 2013 primary election, she failed to notify the neighboring counties of Schuylkill and Carbon of a candidate withdrawal in a cross-jurisdictional school district contest;

(g)     For the May 2013 primary election, she made additional ballot errors, necessitating the re-coding and re-programming of election hardware and software days before the primary election; and

(h)     For the May 2013 primary election, she incorrectly identified on the ballot, the offices for election in the cities of Hazleton and Nanticoke.

68.     Notwithstanding these substantial errors and failures in performance, Defendants took no disciplinary nor employment performance related action against her.

69.     David Pedri, Esq. has replaced Vito DeLuca, Esq. as Luzerne County Solicitor.

70.     On June 6, 2013, Mr. Pedri, in his capacity as Luzerne County Solicitor, stated at a news conference regarding errors made by Plaintiff's

successor, Maria Crispell, during the 2013 primary elections, that any disciplinary action to be taken against Ms. Crispell "was more for the board of elections for their final say at this time."

71.    Defendants terminated Plaintiff's employment on account of Plaintiff's lack of political affiliation with Mr. Griffith and his failure to forbear from performing his statutory duties with regard to Mr. Griffith as a political candidate.

72.    Plaintiff engaged in constitutionally protected conduct by declining to give allegiance to the public officials, political parties, and political factions in power in the County of Luzerne, and, in particular, to Mr. Griffith.

73.    Plaintiff's constitutionally protected conduct was a substantial and motivating factor in the Defendants' adverse employment action.

74.    Defendant Lawton, in his official capacity, was the final authority and ultimate repository of the Defendant County's purported power in regard to the employment of Plaintiff.

75.    The termination of Plaintiff's employment by Defendants was pursuant to a policy and custom of Defendant County, inasmuch as a decision-maker possessing final authority to establish municipal policy with respect to the action, did do so by official proclamation, policy or edict.

76.    On account of the termination of his employment, Plaintiff has lost his employment, compensation for employment, employment benefits, and other compensatory and consequential damages and has suffered, as well, embarrassment, humiliation, harm to reputation and emotional distress.

77.    The actions, omissions, and misconduct of the Defendant

Lawton were outrageous, extremely offensive, intentional and willful on a continuing basis and were performed with malice and reckless indifference to Plaintiff's right to work, justifying the imposition of punitive damages.

## VI.   CAUSES OF ACTION

### COUNT I

**Plaintiff v. Defendant Luzerne County and Defendant Robert Lawton, in his individual capacity**
**First and Fourteenth Amendments**
**To the United States Constitution by and through**

#### 42 U.S.C. §1983

#### Association

78.     Paragraphs 1 through 77 of this Complaint are incorporated herein by reference as though set forth in full.

79.     Defendants' termination of Plaintiff was in violation of Plaintiff's right of association as guaranteed by the First and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff demands judgment against the Defendants and prays:

(a)     That this Honorable Court reinstate Plaintiff to his former employment with Defendant County;

(b)     That this Honorable Court, in the alternative, order the Defendants to pay Plaintiff front pay;

(c)     That this Honorable Court enter a permanent injunction against Defendants enjoining it from taking adverse employment actions against him on account of his political affiliation;

(d)     That this Honorable Court order the Defendants to pay Plaintiff back pay;

(e)     That this Honorable Court order the Defendants to pay Plaintiff compensatory damages;

(f)     That this Honorable Court order Defendant Lawton to pay punitive damages:

(g)     That this Court Order the payment of pre-judgment interest;

(h)     That this Honorable Court order the Defendants to pay Plaintiff's reasonable attorneys' fees and costs in pursuit of this action; and,

(i)     That this Honorable Court award such relief as may be just and equitable.

## COUNT II

**Plaintiff v. Defendant Luzerne County and Defendant Robert Lawton, in his individual capacity
First and Fourteenth Amendments
To the United States Constitution by and through**

## 42 U.S.C. §1983

### Equal Protection

80.     Paragraphs 1 through 79 of this Complaint are incorporated herein by reference as though set forth in full.

81.     Plaintiff was a member of a class of persons politically unaffiliated with Walter Griffith.

82.     Defendants' actions against Plaintiff were on account of his membership in a class of persons politically unaffiliated with Walter Griffith.

83.     Defendants' actions obstructed, impaired and interfered with Plaintiff's fundamental right to remain politically unaffiliated with Walter Griffith.

84.     Defendants' actions obstructed, impaired and interfered with the citizenry's right to participate in and have the benefit of fair and proper elections.

85.     Defendants' actions against Plaintiff lacked any legitimate governmental purpose or rational basis.

WHEREFORE, Plaintiff demands judgment against the Defendants and prays:

(a) That this Honorable Court reinstate Plaintiff to his former employment with Defendant County;

(b)     That this Honorable Court, in the alternative, order the Defendants to pay Plaintiff front pay;

(c)     That this Honorable Court enter a permanent injunction against Defendants enjoining it from taking adverse employment actions against him on account of his political affiliation;

(d)     That this Honorable Court order the Defendants to pay Plaintiff back pay;

(e)     That this Honorable Court order the Defendants to pay Plaintiff compensatory damages;

(f)     That this Honorable Court order the Defendant to pay punitive damages;

(g) That this Court Order the payment of pre-judgment interest;

(h)     That this Honorable Court order the Defendants to pay Plaintiff's reasonable attorneys' fees and costs in pursuit of this action; and,

(i)     That this Honorable Court award such relief as may be just and equitable.

## COUNT III

### Plaintiff v. Defendant Luzerne County
### Constitution of the Commonwealth of Pennsylvania

### Association

86.     Paragraphs 1 through 85 of this Complaint are incorporated herein by reference as though set forth in full.

87.     Defendant's termination of Plaintiff was in violation of Plaintiff's right of association as guaranteed by the Constitution of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff demands judgment against the Defendants and prays:

(a) That this Honorable Court reinstate Plaintiff to his former employment with Defendant County;

(b)     That this Honorable Court, in the alternative, order the Defendant to pay Plaintiff front pay;

(c)     That this Honorable Court enter a permanent injunction against Defendant enjoining it from taking adverse employment actions against him on account of his political affiliation;

(d)     That this Honorable Court order the Defendant to pay Plaintiff back pay;

(e)     That this Honorable Court order the Defendant to pay Plaintiff compensatory damages;

(f)  That this Court Order the payment of pre-judgment interest;

(g)     That this Honorable Court order the Defendant to pay Plaintiff's reasonable attorneys' fees and costs in pursuit of this action; and,

(h)     That this Honorable Court award such relief as may be just and equitable.

## COUNT IV

### Plaintiff v. Defendant Luzerne County

### Constitution of the Commonwealth of Pennsylvania

### Equal Protection

88.     Paragraphs 1 through 87 of this Complaint are incorporated herein by reference as though set forth in full.

89.     Plaintiff was a member of a class of persons politically unaffiliated with Walter Griffith.

90.     Defendant's actions against Plaintiff were on account of his membership in a class of persons politically unaffiliated with Walter Griffith.

91.     In the alternative, Plaintiff constitutes a class of one.

92.    Defendant's actions obstructed, impaired and interfered with Plaintiff's fundamental right to remain politically unaffiliated with Walter Griffith.

93.    Defendant's actions obstructed, impaired and interfered with the citizenry's right to participate in and have the benefit of fair and proper elections.

94.    Defendant's actions against Plaintiff lacked any legitimate governmental purpose or rational basis.

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

(a) That this Honorable Court reinstate Plaintiff to his former employment with Defendant County;

(b) That this Honorable Court, in the alternative, order the Defendant to pay Plaintiff front pay;

(c) That this Honorable Court enter a permanent injunction against Defendant enjoining it from taking adverse employment actions against him on account of his refusal to forbear from performing his governmental duties in the face of political pressure;

(d) That this Honorable Court order the Defendant to pay Plaintiff back pay;

(e) That this Honorable Court order the Defendant to pay Plaintiff compensatory damages;

(f)  That this Court Order the payment of pre-judgment interest;

(g) That this Honorable Court order the Defendant to pay Plaintiff's

reasonable attorneys' fees and costs in pursuit of this action; and,

(h) That this Honorable Court award such relief as may be just and equitable.

## COUNT V

### Plaintiff v. Defendant Luzerne County

### Constitution of the Commonwealth of Pennsylvania

### Wrongful Termination

95. Paragraphs 1 through 94 of this Complaint are incorporated herein by reference as though set forth in full.

96. The actions of Defendants violated the public policies of the Commonwealth of Pennsylvania for the protection of free, equal fair and legitimate electoral processes in the Commonwealth, as established by the Constitution of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

(a) That this Honorable Court reinstate Plaintiff to his former employment with Defendant County;

(b) That this Honorable Court, in the alternative, order the Defendant to pay Plaintiff front pay;

(c) That this Honorable Court enter a permanent injunction against Defendant enjoining it from taking adverse employment actions against him on account of his political affiliation;

(d) That this Honorable Court order the Defendant to pay Plaintiff

back pay;

(e) That this Honorable Court order the Defendant to pay Plaintiff compensatory damages;

(f)  That this Court Order the payment of pre-judgment interest;

(g) That this Honorable Court order the Defendant to pay Plaintiff's reasonable attorneys' fees and costs in pursuit of this action; and,

(h) That this Honorable Court award such relief as may be just and equitable.

## COUNT VI

## Plaintiff v. Defendant Luzerne County

## Wrongful Termination

97.  Paragraphs 1 through 96 of this Complaint are incorporated herein by reference as though set forth in full.

98.     The actions of Defendant violated the public policies of the Commonwealth of Pennsylvania for the protection of free, equal fair and legitimate electoral processes in the Commonwealth, as established by the statutes and common law of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

(a) That this Honorable Court reinstate Plaintiff to his former employment with Defendant County;

(b) That this Honorable Court enter a permanent injunction against

Defendant enjoining it from taking adverse employment actions against him on account of his refusal to forbear from performing his governmental duties in the face of political pressure;

      (c) That this Honorable Court order the Defendant to pay Plaintiff's reasonable attorneys' fees and costs in pursuit of this action; and,

      (d) That this Honorable Court award such relief as may be just and equitable.

RESPECTFULLY SUBMITTED:

Borland & Borland, LLP

/s/ Kimberly D. Borland
Kimberly D. Borland, Esquire
11th Floor, 69 Public Square
Wilkes-Barre, PA  18701
Attorney for the Plaintiff