UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEONARD PIAZZA, III,        :
                           :CIVIL ACTION NO. 3:13-CV-1755
        Plaintiff,    :
                           :(JUDGE CONABOY)
        v.           :
                           :
COUNTY OF LUZERNE and    :
ROBERT LAWTON,         :
                           :
        Defendants.   :
                           :

---

## MEMORANADUM

Pending before the Court is Defendants Luzerne County and Robert Lawton's Motion for Summary Judgment (Doc. 58).  The incident underlying Plaintiff's 42 U.S.C. § 1983 action is his termination from his position as Luzerne County Director of Elections, Chief Registrar and Clerk on April 10, 2013.  (Doc. 11 ¶¶ 10, 58-59.)  For the reasons discussed below, we conclude Defendants' motion is properly denied.

## I. Background

In April 2004, Plaintiff was appointed to the position of Director of the Bureau of Elections by the then Luzerne County Commissioners.  (Doc. 59 ¶ 1; Doc. 65 ¶ 1.)  The parties dispute what Plaintiff's duties were in this position: Defendants assert that none of Plaintiff's identified duties included the performance of field investigations or audits of campaign finance reports (Doc. 59 ¶ 2); Plaintiff maintains that from 2004 forward his responsibilities included making inquiries and field investigations

regarding filed statements and reports and his predecessor conducted these kinds of inquiries and field investigations without having sought or received prior authorization from the Board of Elections (Doc. 65 ¶ 2).

In January 2012, Luzerne County changed to a Home Rule form of government and Plaintiff continued in his role and duties as Director of the Department of Voter Services. (Doc. 59 ¶ 3; Doc. 65 ¶ 3.) In February 2012, Walter Griffith was Luzerne County's elected controller who, pursuant to the Home Rule Charter, was required to serve as the watchdog over the County's fiscal and management activities, and monitor and examine the County government and its expenditures. (Doc. 59 ¶¶ 4-5; Doc. 65 ¶¶ 4-5.) In his capacity as County Controller, Mr. Griffith "had the authority to conduct fiscal, performance, management, contract, grant, compliance and related audits of any County division, department bureau, office, agency, authority, board, commission, elected office, Judiciary, Office of Court Administration or other administrative unit." (Doc. 59 ¶ 7.)

In February 2012, Mr. Griffith publicly announced his intention to audit the County's Bureau of Elections: Defendants assert that the Bureau of Elections was just one of many intended audits (Doc. 59 ¶ 7); Plaintiff contends that Mr. Griffith testified "'I looked at the Bureau of Elections. I looked at that as a testing'" (Doc. 65 ¶ 7 (quoting Griffith Dep., 89:6-7)).

2

On March 29, 2012, the Times Leader newspaper reported that Mr. Griffith intended to audit seventeen district magistrates' offices, the assessor's office, the prison commissary fund, the special legal fees of the Court of Common Pleas, the Home Rule transition committee, the Convention and Visitors Bureau, the Election Bureau, the Human Resources Department, and the Sheriff's office weapons.  (Doc. 65 ¶ 15.)

By letter of March 30, 2012, Plaintiff notified Mr. Griffith of his intention to examine Mr. Griffith's committee and finance reports.  (Doc. 59 ¶ 23 (citing Lawton Dep. Ex. PRL-3).)  Plaintiff adds that at the same time he sent the letter by e-mail to the Luzerne County Board of Elections and Registration and Michael Butera, Esq., solicitor to the Luzerne County Board of Elections and Registration.  (Doc. 65 ¶ 23 (citing Lawton Dep. Ex. PRL-2).)  Mr. Griffith objected to this inquiry.  (Doc. 65 CSMF ¶ 28.)

At a meeting on April 5, 2012, with Defendant Lawton, Attorney DeLuca, and Attorney Butera, Defendants assert that Plaintiff was given an opportunity to respond to the allegations that Plaintiff had exceeded his authority and exposed the County to possible civil litigation by notifying Mr. Griffith of his intention.  (Doc. 59 ¶ 24; Doc. 65 ¶ 24.)  Plaintiff maintained that he had the authority to conduct the requested audit or field investigation of Mr. Griffith's campaign finance reports despite Attorney DeLuca's legal opinion that he lacked such authority.  (Doc. 59 ¶ 25; Doc. 65 ¶

3

25.)

Plaintiff's employment with the County was terminated on April 10, 2012.  (Doc. 59 ¶ 27; Doc. 65 ¶ 27.)  Defendants maintain that Plaintiff's lack of support of Mr. Griffith's candidacy for County Controller played no role in the decision to terminate his employment--it was the allegedly retaliatory nature of his intended examination of Mr. Griffith's campaign finance reports which exceeded his authority and exposed the County to potential civil rights litigation by Mr. Griffith.  (Doc. 59 ¶¶ 24, 29.)  Plaintiff contends the reasons stated by Defendants were pretextual for the actual reason for his termination which was his right to forbear from political association and activity on behalf of Mr. Griffith. (Doc. 65 ¶ 29.)

The parties agree that Plaintiff has no personal knowledge that Mr. Lawton ever politically supported Mr. Griffith's candidacy for any office or contributed financially to his campaigns.  (Doc. 59 ¶¶ 30-31; Doc. 65 ¶ 30-31.)  However, it is disputed whether Mr. Lawton had a political affiliation with Mr. Griffith: Defendants contend there was no political affiliation between the two (Doc. 59 ¶ 33); Plaintiff asserts that Mr. Griffith stated that he "struck an alliance" with Defendant Lawton when Defendant Lawton became county manager on February 29, 2012 (Doc. 65 ¶ 33 (quoting Griffith Dep., 104:25-105:23)).

## II. Discussion

Defendants argue that Plaintiff's First Amendment claim based on his right of association fails because he has not shown that his lack of support for Mr. Griffith played any role in the decision to terminate his employment and the same employment action would have been taken even in the absence of Plaintiff's alleged political activity. (Doc. 60 at 11-16.)  Defendants also assert that Plaintiff's Equal Protection claim fails because Plaintiff does not allege that he is a member of a suspect classification, a fundamental right was not violated because his First Amendment rights were not violated, and a "class of one" claim cannot be brought in the context of this case (Doc. 60 at 17-18).

Summary judgment is appropriate when the movant demonstrates there is no "genuine issue as to any material fact."  Fed. R. Civ. P. 56(a).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson*, 477 U.S.

at 248).   In determining whether a genuine issue of fact exists, a court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014).   Such inferences "must flow directly from admissible evidence."  *Halsey*, 750 F.3d at 287.

The initial burden is on the moving party to show an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citations omitted).   The moving party may meet this burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *Id.* at 325.   The non-moving party may not rest on the bare allegations contained in his or her pleadings, but is required by Federal Rule of Civil Procedure 56 to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue.   *Id.* at 324.   "The non-moving party must show where in the record there exists a genuine dispute over a material fact.'"  *Hankins v. Wetzel*, 640 F. App'x 130, 132 (3d Cir. Jan. 6, 2016) (not precedential) (quoting *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007)).   "A mere 'scintilla of evidence in support of the [non-moving party]'s position will be insufficient' to create a genuine issue of fact."  *Hankins*, 640 F.

App'x at 132 (quoting *Anderson*, 477 U.S. at 252)).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of evidence." *Anderson*, 477 U.S. at 255.  Therefore, when evidentiary facts are in dispute, when the credibility of witnesses may be in issue, or when conflicting evidence must be weighed, a full trial is usually necessary.

The framework used to analyze a First Amendment political affiliation claim was set out in *Galli v. New Jersey Meadowlands Commission*, 490 F.3d 265 (3d Cir. 20007).  To make out a prima facie case, a plaintiff must show the following: 1) he was employed at a public agency in a position that does not require political affiliation; 2) he was engaged in constitutionally protected conduct; and 3) this conduct was a substantial or motivating factor in the government's employment decision.  *Galli*, 490 F.3d at 271 (citation omitted).  Once a plaintiff makes this showing, a defendant "may avoid a finding of liability by proving by a preponderance of the evidence that the same employment action would have been taken even in the absence of the protected activity." *Id.* (citing *Stephens v. Kerrigan*, 122 F.3d 171, 176 (3d Cir. 1997); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).  As with Title VII cases, a Plaintiff may "still prevail by discrediting that proffered reason, either circumstantially or directly, or by proving that an invidious

7

discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Wheeler v. Twp. of Edison*, 326 F. App'x 118, 121 (3d Cir. 2009) (not precedential) (citing *Fuentes v. Perskie*, 32 F.3d 759, 762 (3d Cir. 1994)); *see also Stephens v. Kerrigan*, 122 F.3d 171, 181 (3d Cir. 1997) (citing *Fuentes*, 32 F.3d at 764).

Although the parties presented their positions in great detail, extensive analysis is not warranted because the filings readily demonstrate that operative facts are at issue. Notable among them are the extent of Plaintiff's job duties and the relationship between Mr. Griffith and Defendant Lawton. (*See*, *e.g.*, Doc. 59 ¶¶ 2, 33, Doc. 65 ¶¶ 2, 33.) Asserted facts indicate the following: Plaintiff was a non-partisan, who engaged in no political activity and had no political affiliations (Doc. 65 ¶ 18), and, as such, he had not supported Mr. Griffith's political campaigns and was not politically aligned with him; Mr. Griffith and Defendant Lawton had an "alliance" (Doc. 65 ¶ 33, CSMF ¶ 28; Doc. 69 at 2), the parameters and potential influence of which are disputed; Mr. Griffith objected to Plaintiff's planned inquiry into his committee and finance reports (Doc. 65 CSMF ¶ 28); and Plaintiff's authority to undertake such activity is disputed as is the practice of doing so by himself and his predecessor (*see*, *e.g.*, Doc. 59 ¶ 2; Doc. 65 ¶ 2).

Contrary to Defendants' assertions that the only evidence

Plaintiff offers in opposition to summary judgment is his own self-serving deposition testimony (Doc. 69 at 3 (citing *Gonzalez v. Secretary of Dep't of Homeland Sec.*, 678 F.3d 254, 263 (3d Cir. 2012)), the facts cited above are either not disputed or supported by more than Plaintiff's testimony.  Further, *Gonzalez* did not set out a categorical rule but stated "*[a]s a general proposition*, 'conclusory self-serving statments are insufficient to withstand a motion for summary judgment.'"  *Gonzalez*, 678 F.3d at 263 (emphasis added) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009)).  In response to the argument made here by Defendants, other courts have noted that "'the issue is not whether Plaintiff has relied solely on his own testimony to challenge [a summary judgment motion], but whether Plaintiff's testimony, when juxtaposed with the other evidence, is sufficient for a rational factfinder to credit Plaintiff's testimony, depite its self-serving nature.'"  *Jordan v. Cicchi*, Civ. No. 10-4398, 2014 WL 2009089, at *2 (D.N.J. May 16, 2014) (quoting *Johnson v. MetLife Bank, N.A.*, 883 F. Supp. 2d 542, 549 (E.D. Pa. 2012)); (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

As stated above, the record before the Court shows that there are numerous disputed facts, and many of these facts are material to the motivation for Defendants' decision to terminate Plaintiff's employment, including the consideration of whether the proffered reason was pretextual.  Therefore, Defendants have not shown that

9

summary judgment of Plaintiff's First Amendment claim is appropriate.  Because this claim goes forward, Defendant has not shown that Plaintiff's equal protection claim based on the exercise of a fundamental right must be dismissed.  (*See* Doc. 60 at 17-18.) However, in Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment, Plaintiff notes that he withdraws his 42 U.S.C. § 1983 Equal Protection claim as being redundant to Count I, his First Amendment claim.  (Doc. 66 at 12 n.2.)

### III. Conclusion

For the reasons discussed above, Defendants Luzerne County and Robert Lawton's Motion for Summary Judgment (Doc. 58) is DENIED. An appropriate Order is filed simultaneously with this Memorandum.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: January 23, 2017

10